UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 18-223-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| JOHN HOMER LEGROS, JR. | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed by Petitioner John Homer Legros, Jr. ("Legros"). See Record Documents 121, 123 and 130 (which include supplements to his original motion). The Government filed a response, to which Legros replied. See Record Documents 133 and 137. For the following reasons, Legros's motion is **DENIED**.

**BACKGROUND**

The facts of this matter have been well-summarized by the United States Court of Appeals in its ruling regarding the appeal taken by Legros of his proceedings and are as follows:

> Legros pleaded guilty to conspiracy to distribute and to possess with intent to distribute oxycodone in violation of 21 U.S.C. § 846. His probation officer prepared a presentence report ("PSR") that cast Legros responsible for 395 oxycodone pills. The officer determined the pills' converted drug weight was 2,646.5 kilograms, correlating to a base offense level of 30. The PSR recommended a two-level increase under U.S.S.G. § 2D1.1(b)(1) because Legros had a firearm, and another two-level increase under U.S.S.G. § 3B1.1(c) based on his supervisory role in the conspiracy. The PSR calculated an adjusted offense level of 34. Because his offense concerned controlled substances, however, and because Legros had prior drug-trafficking convictions, the PSR found Legros qualified as a "career offender" under U.S.S.G. § 4B1.1(b)(3). His offense level under the career-offender guideline was 32, but because that offense level was lower than his otherwise applicable level under § 2D1.1, the PSR stated the higher level of 34 applied. After a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, his total offense level was 31. With a total offense level of 31 and a

> criminal history category of VI, the resulting sentencing range was 188–235 months.
> Both the Government and Legros objected to the PSR. The Government challenged the calculation of the converted drug weight, explaining that the correct figure was 661.625 kilograms, correlating to an offense level of 27. Because that offense level was lower than the one supplied by the career-offender guideline, the Government argued that career-offender status should determine Legros's sentencing range, instead of drug quantity. The Government argued, however, that his range remained 188–235 months even under the career-offender guideline. For his part, Legros argued that the converted weight was between 60 and 80 kilograms, correlating to a base offense level of only 20. He also challenged application of the firearm enhancement, arguing that the weapon was recovered from his home and that there was no evidence drug-trafficking activity occurred there.
> In an addendum to the PSR, the probation officer defended his initial calculations on converted drug weight and his application of the firearm enhancement. In response to both parties' objections, however, he noted that if the court were to determine the career-offender provisions controlled, Legros's guideline range would be 151–188 months.
> At sentencing, the Government conceded error in the drug-quantity conversion but argued this was moot because the career-offender provision should govern, making Legros's range 151–188 months. Legros disagreed with the Government about the impact of the drug-quantity error, but ultimately agreed that the proper range under the career-offender guideline was 151–188 months, raising no objection to his career-offender status. . . .

Record Document 120 at 2-3.

This Court found that the career criminal calculation was correct and overruled the objections to the PSR. Legros was sentenced to 144 months imprisonment, just below the advisory range. Legros did not object to his sentence, nor did he request that his PSR be amended to reflect any corrected drug conversion weights or to remove the firearm enhancement. The statement of reasons provided that the Court had "adopted the presentence report with the following changes," namely that "[t]he government and the defense agreed to hold the defendant accountable for a drug weight that was less than originally determined, [and] therefore [the] career offender guideline was used for sentencing purposes." Record Document 104.

Legros appealed, challenging the inclusion of the converted drug weight in his PSR and the failure of this Court to make a finding on his objection to the firearm enhancement. On appeal,

2

the parties agreed that neither mistake had any effect on Legros's sentence. The Fifth Circuit held that this Court did not err in either respect. Legros now seeks to hold his attorney accountable for these actions by filing an ineffective assistance of counsel claim, arguing that his attorney was ineffective for failing to challenge his career offender status and to insist that the Court correct the presentence report.

## LAW AND ANALYSIS

A.   **Section 2255 And Ineffective Assistance Of Counsel.**

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003) (citation omitted).

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1610 (1998) (internal quotations and citations omitted)). Rather, after a defendant is convicted and exhausts the right to appeal, a court is "'entitled to presume that [the defendant] stands fairly and finally convicted.'" United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)).

Courts may consider claims for ineffective assistance of counsel brought for the first time in a Section 2255 motion. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). To successfully state an ineffectiveness claim, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Failure to establish either prong of the Strickland test will result in a finding that counsel's performance was constitutionally effective. Id. at 696, 104 S. Ct. at 2069; see also Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997). In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (quotations and citation omitted). If a tactical decision is "conscious and informed . . . [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Crane v. Johnson, 178 F.3d 309, 314 (5th Cir. 1999).

To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A defendant is not prejudiced if "the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993). Moreover, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1042–43 (5th Cir.

1998). The prejudice element requires affirmative proof. See United States v. Thompson, 44 F.3d 1004, 1995 WL 10515, at * 2 (5th Cir. 1995) (unpublished table decision). In analyzing the claims herein, the Court bears in mind that "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." Fretwell, 506 U.S. at 369, 113 S. Ct. at 842 (quotations and citation omitted).

**B.    Application Of Law To Facts.**

    **1.    Failure To Object To Career Offender Status.**

Legros contends that he was denied effective counsel at sentencing, as his counsel failed to object to Legros being classified as a career offender for the instant offense of conspiracy to distribute a controlled substance. While Legros acknowledges that the Government addressed his argument in its response, he asserts in his reply brief that the Government "failed to reach Legros's true argument, i.e. the **instant**[1] offense would not support the career offender enhancement under Section 4B1.1 of the United States Sentencing Guidelines." Record Document 137 at 2 (emphasis added).

Legros pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances. Specifically, the indictment alleges that Legros, along with others, "knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to distribute and possess with intent to distribute Oxycodone, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section

---

[1] The Government erroneously focuses its argument on the previous convictions of Legros, which clearly qualified as controlled substance offenses, as opposed to Legros's complaint that the offense with which he was charged and pled to in this Court did not qualify as a controlled substance offense. See Record Document 133 at 10.

841(a)(1); all in violation of Title 21 United States Code, Sections 846 and 841(b)(1)(C)." Record Document 1.  In addition, Legros had two previous convictions for possession of marijuana with intent to distribute, a conviction for possession of Alprazolam with intent to distribute, another conviction for possession of marijuana with intent to distribute, and a conviction for possession of a controlled dangerous substance with intent to distribute.  See Record Document 95.

Legros contends that the determination of his status as a career offender on the basis of the instant offense is incorrect and that, based on "substantial legal precedent available at the date of sentencing," his counsel's failure to object to that determination fell below an objective standard of reasonableness.  Record Document 137.  However, Legros is simply incorrect.  This Court is bound by Fifth Circuit precedent in United States v. Lightbourn, 115 F.3d 291 (5th Cir. 1997), finding that a guideline that became effective in 1995 (Amendment 528) authorized the Sentencing Commission to add inchoate offenses such as conspiracy to the "controlled substances offense" definition in United States Sentencing Guideline § 4B1.2[2] and that a drug conspiracy does qualify as a "controlled substance offense" for purposes of Section 4B1.1.[3]  See also United States v. Mack, 857 F. App'x 798, 803 (5th Cir. 2021) ("We long ago held that § 4B1.1's career-offender enhancement lawfully includes inchoate offenses.") (citing Lightbourn, 115 F.3d at 293); United States v. Goodin, 835 F. App'x 771, 782 (5th Cir. 2021).  Specifically, in United States v. Kendrick, 980 F.3d 432, 444 (5th Cir. 2020), the Fifth Circuit rejected a similar argument that "conspiracy convictions should not qualify as 'controlled substance offense[s] under § 4B1.1(a)

---

[2]  Section 4B1.2 is entitled "Definitions of Terms Used in Section 4B1.1" and specifically defines "controlled substance offense."

[3]  Application Note 1 to Section 4B1.2 includes conspiracy within the "controlled substance offense" definition.

6

because Lightbourn "remains binding."[4] Legros relies on cases from the Fourth Circuit Court of Appeals that interpret these provisions differently, but these conflict with Lightbourn and its progeny. See Lightbourn, 115 F.3d at 293; Goodin, 835 F. App'x at 782; Kendrick, 980 F.3d at 444. Accordingly, Legros's conspiracy conviction is a controlled substance offense under the United States Sentencing Guidelines and current Fifth Circuit caselaw, and his counsel was not deficient in failing to raise a contention foreclosed by precedent.

### 2. Failure To Request Correction Of The Presentence Report.

Next, Legros reframes an argument, unsuccessfully asserted on direct appeal, to re-urge the same as an ineffectiveness claim. The instant challenge appears to be an attempted end-run around the Fifth Circuit's well-reasoned ruling regarding the allegations of failure to correct the presentence report.[5] However, even couched as a true ineffectiveness claim, it is meritless.

Legros contends that his attorney was ineffective, as he should have "advocated the correction of the [presentence report] and a final ruling on the gun enhancement" for a "correct and adequate record for the [Bureau of Prisons] to properly classify" him. Record Document 130 at 19. Legros also asserts that the "incorrect [presentence report] reflecting the gun enhancement prevents [him] from participating in a residential drug addiction program. . . ." and "led to misclassification of [him] as a 'high risk offender' thus, [he is] exempt from the benefits of the First Step Act." Id.

---

[4] Kendrick is directly on point, as Kendrick had a previous conviction for distribution of marijuana, a previous conviction for cocaine distribution, and a conviction in the district court for conspiracy to distribute crack cocaine, for which he was sentenced. See id.

[5] On appeal, Legros challenged the inclusion of the erroneous converted weight in the presentence report, as well as this Court's failure to make any finding on his objection to the firearm enhancement. As mentioned, the Fifth Circuit concluded that this Court did not err in either respect.

A prisoner has neither a protectable property nor liberty interest in his custodial classification. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Furthermore, a prisoner has no inherent constitutional right to any particular classification or custody level. See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

The classification of prisoners is a matter left to the discretion of prison officials. See Cruz v. U.S. Bureau of Prisons, 61 F. App'x 121 (5th Cir. 2003) (citation omitted); McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir. 1990) (citing Program Statement 5100.08, providing that BOP staff should apply "professional judgment" in making custody classification decisions). "Prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status." Wilkerson v. Maggio, 703 F.2d 909, 911 (5th Cir. 1983) (quotations and citation omitted). Absent evidence of abuse, the classification of prisoners is a matter left to the discretion of prison officials. See McCord, 910 F.2d at 1250. Legros simply fails to demonstrate either a protected liberty interest or an abuse of discretion with regard to his classification.[6]

Furthermore, even if there were error, the error is not cognizable as ineffective assistance of counsel. To satisfy the prejudice prong of Strickland, Legros must show that there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. The proceeding was his criminal sentence, not his BOP classification. See United States v. Papazian, 2021 WL 826590, at *3 (D. Neb. Mar. 4, 2021).

---

[6] Legros would fare no better with an action pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), because in order to succeed on a Bivens action one must show that there has been a constitutional violation, and a prisoner does not have a constitutionally protected liberty or property interest in his custodial classification. See Wilkerson v. Stalder, 329 F.3d 431, 435-36 (5th Cir. 2003) (finding that "this circuit has continued to hold . . . that an inmate has no protectable liberty interest in his classification.").

The BOP's classification procedures are within the discretion of the Attorney General as delegated to the Direction of the BOP. See 18 U.S.C. § 4081; 28 C.F.R. § 0.96. Simply stated, a BOP inmate lacks a constitutional interest in his custodial classification, and thus, his disagreement with that classification is insufficient to establish that his custody violates the Constitution. See United States v. Vongdeuane, No. 6:14-400, 2017 WL 3970745, at *2 (D. S.C. Sept. 8, 2017) ("Counsel is not ineffective for failing to advise [a defendant] of the collateral consequence of [a] gun enhancement on [the defendant's] classification in the BOP."); Jackson v. United States, No. 03-0489, 2009 WL 485675, at *2 (D. Md. Feb. 26, 2009) (finding counsel not ineffective for failing to advise of impact of two-point gun enhancement on BOP classification); Jones v. United States, No. 08-105, 2010 WL 4484532 (E.D. N.C. Oct. 25, 2010) ("Even if defense counsel's representation could be said to have fallen below an objective standard of reasonableness, because [the defendant] has no statutory or constitutional right either to participate in RDAP or to receive an early release . . ., she cannot have been 'prejudiced' by her attorney's failure to object. . . .").

In consideration of the foregoing principles, the Court finds that Legros's claims pertaining to counsel's failure to challenge his career offender status and to insist that the Court correct the PSR are meritless. Since Legros cannot establish either prong of the Strickland analysis, his claim of ineffective assistance of counsel must fail.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Legros's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 (Record Documents 121, 123 and 130) is **DENIED**. Legros is not entitled to an evidentiary hearing, as the record and written submissions have proven sufficient to dispose of the claims for relief, as indicated herein. The Court further

finds that Legros is not entitled to a certificate of appealability, as he has failed to make a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 12th day of November, 2021.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE