UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-0223-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| JOHN HOMER LEGROS, JR. | MAGISTRATE JUDGE KAY |

---

**MEMORANDUM ORDER**

Before the Court is a motion for compassionate release filed pro se by the defendant, John Homer Legros, Jr. ("Legros"). See Record Document 164. The Government filed an opposition to the motion, wherein it argued, inter alia, that it contacted the Bureau of Prisons ("BOP") and the BOP denied having any documentation that Legros filed an administrative request related to his concerns. See Record Document 166 at 6. Legros filed a reply to the Government's opposition, arguing, inter alia, that he had exhausted his administrative remedies. See Record Document 169 at 2. Thereafter, the Government filed a supplemental response, acknowledging that Legros had, in fact, exhausted his administrative remedies. See Record Document 170 at 1. Legros filed a reply thereto, some letters of reference and an exhibit, and a supplemental memorandum. See Record Documents 173, 179 and 183. The Government then filed a response to the supplements. See Record Document 184. Legros filed a reply and the motion is now ripe for consideration.[1] See Record Document 191. Based on the following, the motion for compassionate release (Record Document 164) is **DENIED**.

---

[1] Legros also filed motions to appoint counsel and for an evidentiary hearing (Record Documents 181 and 189), which were denied. See Record Documents 182 and 190.

## BACKGROUND

Legros pleaded guilty to conspiracy to distribute and to possess with intent to distribute oxycodone in violation of 21 U.S.C. § 846. Legros was sentenced to 144 months of imprisonment, just below the advisory guideline range. Legros did not object to his sentence, nor did he request that his presentence report ("PSR") be amended in any way. The statement of reasons provided that the Court had "adopted the presentence report with the following changes," namely that "[t]he government and the defense agreed to hold the defendant accountable for a drug weight that was less than originally determined, [and] therefore [the] career offender guideline was used for sentencing purposes." Record Document 104 at 1.

Legros appealed, challenging the inclusion of the converted drug weight in his PSR and the failure of this Court to make a finding on his objection to the firearm enhancement. See Record Documents 109 and 112. On appeal, the parties agreed that neither issue had any effect on Legros's sentence. The Fifth Circuit held that this Court did not err in either respect. See Record Document 120. Legros is currently housed at United States Penitentiary, Beaumont ("USP Beaumont"), a high security facility, and has a projected release date of July 12, 2028.

Legros filed a motion seeking compassionate release arguing that if he were sentenced today, he would no longer be a career offender due to a change in the law. He further argues that conditions of confinement are far more punitive than at the time of sentencing due to COVID-19 protocols. Legros exhausted his administrative remedies as to these claims by filing a request through the BOP, which was denied in December of 2021. See Record Document 170, Ex. 1. Legros later supplemented his motion to include claims based on family circumstances. See Record Document 181 at 2. With regard to this claim, the Government contends that Legros has

failed to meet his burden that he has exhausted his administrative remedies. See Record Document 184 at 2. The Government also maintains that Legros's motion fails on the merits, arguing that Legros has not established an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See Record Document 166 at 7. The Government further contends that the factors contained in 18 U.S.C. § 3553(a) weigh against Legros's release. See id. at 11.

## LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from the BOP's custody. See U.S.S.G. § 1B1.13.[2] However, the Fifth Circuit Court of Appeals held that this policy statement

---

[2] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . ." "if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. The defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

Legros first contends that he is entitled to compassionate release because if he were sentenced today, he would not be considered a career offender, arguing that his conviction for conspiracy to distribute and possess with intent to distribute Oxycodone is not a "controlled substance offense" within the meaning of the sentencing guidelines. However, this argument is foreclosed by United States v. Vargas, 74 F.4th 673 (5th Cir. 2023) (en banc), cert. denied, 144 S.

---

(1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

4

Ct. 828 (Feb. 20, 2024). In Vargas, the Court of Appeals for the Fifth Circuit held that "inchoate offenses like conspiracy are included in the definition of 'controlled substance offense.'" Vargas, 74 F.4th at 698. Therefore, Legros's argument in this regard fails and he is not eligible for compassionate relief on this ground.

Legros next asserts that his conditions of confinement due to COVID-19 are grounds for compassionate release, in that COVID-19 has resulted in more harsh conditions of confinement. However, the conditions experienced by Legros are not unique to him and are experienced by all prisoners in the custody of the BOP. Accordingly, these are not the type of extraordinary and compelling reasons contemplated by the statute and this argument fails. See United States v. Wright, No. 16-214-4, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("The Court stresses that the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.").

Finally, Legros attempts to argue that his family circumstances provide extraordinary and compelling reasons for release.[3] Under Section 1B1.13, family circumstances may give rise to extraordinary and compelling reasons for compassionate release but the Government asserts that Legros has not alleged sufficient grounds for compassionate release. Legros contends that the family circumstances provision applies to him because one of his sons has passed away, leaving a four-year-old without a caregiver. Legros also asserted that his mother was in intensive care in

---

[3] The Court acknowledges that Legros has failed to exhaust his administrative remedies as to this claim. However, even assuming that he had exhausted his administrative remedies, the Court would nevertheless reach the same result, as his family circumstances do not qualify Legros for compassionate release.

the hospital on a ventilator but, in one of his supplemental filings, he acknowledged that his mother has since passed away. See Record Document 191.

The Government contends that Legros must prove the death or incapacitation of the caregiver of the minor child and that he is the only available caregiver. While this is true, the Court is also aware that the commentary to Section 1B1.13 also provides a catchall provision which provides for situations not specifically enumerated. Despite this provision, however, Legros still bears the burden of showing he is entitled to compassionate release, which he has not done. Courts consider whether there is a person "other than the defendant [who] is available to serve as a caretaker of a minor or incapacitated family member." United States v. Goldberg, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020); see also United States v. Shine, 2020 WL 3440654, at *3 (N.D. Tex. June 23, 2020) ("That other people within [the defendant's] family can potentially take care of her children while she is imprisoned cuts against compassionate release here.") (citation omitted). In addition, Legros has only stated that his son has passed away and not provided any documentation or proof of death. Furthermore, Legros has not explained how any other remaining relative is unavailable to care for the child, including his wife, with whom he plans to reside if he obtains release.[4] This Court simply cannot find that Legros's circumstances qualify as

---

[4] Furthermore, this Court is concerned at the possibility of the placement of a child in a home where drugs and guns were previously located. In 2009, the residence of Legros and his wife was searched, and bottles of liquid promethazine, Soma tablets, and Lortab tablets were located in the home, in addition to a pistol and a revolver. In 2016, a confidential informant ("CI") working with an Anti-Drug Trask Force arranged for the purchase of Oxycodone pills from Legros, who instructed the CI to meet with his wife to obtain the pills. In 2018, officers executed search warrants of the residence of Legros and his wife and located a loaded handgun under the mattress of the master bedroom.

6

extraordinary and compelling under these circumstances. Therefore, the Court finds that Legros has not met his burden to show extraordinary and compelling reasons for compassionate release.[5]

Even assuming that Legros had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Legros has not demonstrated that he qualifies for compassionate release under these guidelines. Legros was sentenced by this Court for the possession of a firearm while playing a major role in the distribution of Oxycodone. He has been convicted of at least four separate offenses involving some level of possession with intent to distribute narcotics. He continued to commit drug offenses while on release and under supervision. Legros has also received the benefit of numerous previous drug charges (ten of which were listed in the presentence report) being dismissed.

---

[5] Assuming that Legros is also requesting release to home confinement, this request is **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

Legros was sentenced below his guideline range and has served less than half of the sentence originally imposed. A reduced sentence would not represent "just punishment," and it would promote disparity with respect to defendants with similar criminal records and conduct. In addition, the proposed release plan includes Legros's return to the place where he committed the offense of conviction and his cohabitation with a former co-defendant (his wife), which could promote recidivism. In light of these and other facts, to reduce Legros's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Accordingly, the Section 3553(a) factors weigh against granting relief.

This Court recognizes Legros's lack of disciplinary infractions while incarcerated and his noteworthy and admirable rehabilitation efforts. Regardless, Legros has failed to make a showing of extraordinary and compelling reasons warranting compassionate release, nor does a consideration of the Section 3553 factors indicate that release is appropriate. It is ultimately the defendant who is to blame for the situation that currently exists. The Court finds that Legros has not met his burden for compassionate release.[6]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Legros's motion for compassionate release (Record Document 164) is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of July, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[6] Legros's claims regarding errors in his PSR have been previously addressed and resolved by the United States Court of Appeals for the Fifth Circuit. See Record Document 180.